■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD MOBLEY, Respondent. [853 NYS2d 31]—

Order, Supreme Court, Bronx County (Richard Lee Price, J.), entered on or about June 15, 2007, which granted defendant's

motion to suppress physical evidence and a statement, unanimously affirmed.

The record supports the court's suppression ruling (16 Misc 3d 1106[A], 2007 NY Slip Op 51315[U] [2007]). There was no objective, credible reason for the police to approach defendant's car to request information, since there was nothing suspicious about the presence of defendant and a female passenger in a legally parked car. Although the neighborhood was a high-crime area known for narcotics activity and prostitution, there was no sign of sexual or drug-related conduct. Accordingly, the police had no basis to pull their vehicle up to the car, immediately after noticing it, and ask the occupants the reason for their presence (*see People v McIntosh*, 96 NY2d 521, 526-527 [2001]). In any event, even if the first request for information was justified, once the police questioned the occupants of the car and found nothing to create any degree of suspicion, the police clearly had no basis for their second approach and inquiry, made on foot. Moreover, in his confusing and contradictory testimony, the officer never explained why there were two requests for information, and we reject the People's argument that the second approach was merely a continuation of the first. Furthermore, we conclude that the ultimate discovery of a firearm in the car was the direct result of the second inquiry, and cannot accurately be characterized as a mere observation, from a lawful vantage point, of contraband in plain view. Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ. [*See* 16 Misc 3d 1106(A), 2007 NY Slip Op 51315(U).]